IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK REYES,

    Plaintiff,

vs.                                                           No. CV 16-00883 MV/GBW

WARDEN GERMAN FRANCO,
DEPUTY WARDEN ALICIA LUCERO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Prisoner's Civil Rights Complaint filed by Plaintiff, Mark Reyes (Doc. 1). The Court determines that the Complaint fails to state a claim for relief under 42 U.S.C. Section 1983 and will be dismissed without prejudice. The Court also grants Plaintiff Reyes leave to file an amended complaint.

### I. Factual and Procedural Background

Plaintiff Mark Reyes[1] is a prisoner incarcerated at the Penitentiary of New Mexico ("PNM"). (Doc. 1 at 1). Reyes alleges deprivation of constitutionally protected rights to due process, equal protection, and freedom from unreasonable seizures by deductions from Plaintiff's prison inmate account for debts that were incurred for postage and legal copies between 2000 and 2005. Reyes claims that the deductions from the account by prison officials are illegal because: (1) Plaintiff's sentence and incarceration were illegal; (2) Plaintiff is indigent and all legal mail and legal copies are free to indigent inmates; (3) in 2010 Plaintiff obtained a legal

---

[1] Plaintiff attaches documentation to the Complaint showing that Plaintiff's name has been legally changed to "Monica Meshica Malina Shaylie Azteca". *See* Doc. 2-2 at 10-11. Because this lawsuit was filed under the name of "Mark Reyes", the Court uses that name to refer to Plaintiff.

1

name change and is no longer liable for any debts incurred under the name of "Mark Reyes"; and (4) in 2013, Plaintiff signed an authorization for a deduction of 50% of monies deposited in the account but, off and on, the prison deducts all of the monies deposited into the account. (Doc. 1 at 4-5).

Reyes alleges damage from the deduction of monies in the inmate account and freezing of the account. The claimed damage includes an inability to purchase food, hygiene, clothing, and medical items from the commissary, loss of books due to inadequate funds to mail them home, loss of copies of legal documents due to inadequate funds to mail them home, and an inability to complete the publication process for the name change due to lack of funds. (Doc. 1 at 7-10, 17-27). Plaintiff's request for relief asks for reimbursement of the amounts that have been deducted from the inmate account, release from all liability for any debt owed the prison, all mail sent free-of-charge, payment of the publication costs for the name change, replacement of 97 specified books, a one-year subscription to "Shape" magazine, and a number of clothing items to be ordered at the prison's expense. (Doc. 1 at 17-27).

Reyes' inmate account statements contained in the record do not support any allegation that the prison has taken all of the money in Plaintiff's account. While the account statements do show some deductions by the prison to cover prior debt for postage charges, the statements also show ongoing charges by Reyes for commissary purchases and postage. (Doc. 2 at 5-8, Doc. 4 at 2).

## II. Standard for Failure to State a Claim

Plaintiff Reyes is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief can be granted under either Rule 12(b)(6) of the Federal Rules of Civil Procedure or 28

U.S.C. Section 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleadings. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The Court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under Section 1915(e)(2)(B), the Court may dismiss the complaint at any time if it determines that the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(2). The authority granted by Section 1915 permits the Court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall,* 935 F.2d at 1109 (10th Cir. 1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). Nor is the Court required to accept the truth of the plaintiff's allegations but instead may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.* at 32-33.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or Section 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### III. Analysis of Plaintiff Reyes' Claims

Plaintiff claims that the deductions from his inmate account were made in violation of his due process, equal protection, and Fourth Amendment rights. (Doc. 1 at 3). The named Defendants in this case are Warden German Franco and Deputy Warden Alicia Lucero. (Doc. 1 at 1). As factual support for the claims against these Defendants, Plaintiff Reyes alleges:

> The defendants Warden German Franco and Deputy Warden Alicia Lucero were informed in writing by me in 2015 that my account money was being taken again even though I don't owe money . . . The Warden German Franco and Deputy Warden Alicia Lucero are directly responsible for this ongoing violation because they have known about it since 2013 and have not stopped charging me. . .Only the Wardens can sign for the debt to be discontinued and for my money to be returned.

(Doc. 1 at 12-13).

    **A. Due Process Claim:** Inmates do not automatically have a protected property interest in the money that is deposited into their prison accounts. *Gist v. Anderson*, 2013 WL 6909470, at *4 (W.D. Okla. Dec. 30, 2013) (unpublished) (citing *Steffey v. Orman*, 461 F.3d 1218, 1221-23 (10th Cir. 2006); *Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010)). Property interests are created, and their dimensions are defined, by existing rules or understandings that stem from an independent source, such as state law. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). The determination of whether those interests rises to the level of a legitimate claim of entitlement protected by the Due Process Clause is made under federal constitutional law. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978).

    For prisoners, the Supreme Court has held that a deprivation of a prisoner's protected liberty interest occurs if a deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Tenth Circuit extended this test to claims of a deprivation of a prisoner's protected property interest in their prison accounts. *Clark*, 625 F.3d at 691. However, regulation of and limitations on the prisoner's use of funds, and deduction of funds for payment of incurred prison costs do not impose any atypical and significant hardship but instead constitutes a typical incident of prison life. *Steffey*, 461 F.3d at 1221-23.

    The allegations of Plaintiff's Complaint do not establish a due process violation. Reyes' contentions of freezing of funds and a resulting lack of funds to mail or ship items and to make commissary purchases, if proven, would demonstrate only the type of regulation typically incident to prison life and would not demonstrate any atypical and significant hardship on Reyes giving rise to a legitimate entitlement protected by due process. *Steffey*, 461 F.3d at 1221-23

5

(holding that prison officials' seizure of money order from an inmate's family to pay prison debt did not constitute an atypical and significant hardship and did not give rise to a due process claim); *Clark*, 625 F.3d at 691 (holding that prison officials' freezing of plaintiff's inmate account to pay judgment debt owed by plaintiff failed to show an atypical and significant hardship and did not allege a due process claim). Accordingly, the Complaint fails to state a due process claim. *Steffey*, 461 F.3d at 1221-23.

**B. Equal Protection Claim:** Plaintiff appears to allege a denial of equal protection based upon indigency. (Doc. 1 at 11). "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."). Thus, to state an equal protection violation, Plaintiff must allege facts that Franco or Lucero treated him differently than other similarly situated prisoners. Individuals are "similarly situated" only if they are alike "in all relevant respects." *Coal. for Equal Rights, Inc. v. Ritter*, 517 F.3d 1195, 1199 (10th Cir. 2008) (quotation marks omitted); *Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018). Plaintiff makes no factual allegations anywhere in the Complaint that he is similarly situated to but treated differently from other inmates. The Court will not hypothesize sufficient facts to state a claim. *Requena*, 893 F.3d at 1210.

Further, even if Plaintiff had alleged differential treatment for purposes of an equal protection claim, he makes no allegations that the prison policy of deducting payments for the

6

postage debt denies him access to the courts or violates any other constitutional right. *White v. Colorado,* 157 F.3d 1226, 1234 (10th Cir. 1998). Neither prisoners nor indigents constitute a suspect class warranting strict scrutiny review for an equal protection challenge. *Id.* at 1234. Because no suspect class is involved, the challenged prison policy need only bear a rational relationship to legitimate government ends. *Id.*

The courts have consistently held that a prison may, rationally and consistent with the Constitution, limit the amount of advances to an inmate, or deduct inmate funds to preserve the funds and encourage inmate responsibility. Without additional factual allegations that a prisoner was actually prevented from bringing a court action, allegations of such limitations alone do not state a denial of access to the courts or otherwise allege a violation constitutional rights. *See Blaise v. Fenn,* 48 F.3d 337 (10th Cir. 1995) (state prison policies and regulations limiting funds to indigent inmates for legal mail is not an invalid restriction on the right to access to the courts); *Harrison v. Bent Cty. Corr. Facility*, 24 F. App'x 965, 967 (10th Cir. 2001) (prison policy of limiting advances of postage and copying costs when an inmate's account is in arrears does not deny the inmate's right of access to the courts or violate equal protection). Plaintiff claims that he was required to seek leave to proceed without payment of costs, which the Court granted, but does not claim that he was in fact prevented from bringing a court action. (Doc. 1 at 7). Absent allegations that Plaintiff was unable to access the courts or was otherwise deprived of a constitutional right, the Complaint fails to state an equal protection claim. *Harrison*, 24 F. App'x at 967; *Blaise,* 48 F.3d at 340.

**C. Unreasonable Seizure Claim:** Plaintiff claims that deductions from his inmate account constitute the proceeds of an illegal seizure under the Fourth Amendment. Plaintiff asserts that the deductions are illegal based on indigency, a legal name change, and reversal of

7

the conviction giving rise to his incarceration from 2001 to 2005 incarceration. (Doc. 1 at 3-4). In order to establish a violation of the Fourth Amendment right to be free of unreasonable seizures, Plaintiff must allege that the rules, regulations, statutes or policies authorizing deduction of payments from the inmate account are unconstitutional. *Dmytryszyn v. Hickenlooper*, 527 F. App'x 757, 761 (10th Cir. 2013).

In *Dmytryszyn*, Plaintiff claimed that prison officials violated his Fourth Amendment right to be free of unreasonable seizures when they deducted from his inmate account both payments on restitution for a 1990 burglary conviction and filing fees for a lawsuit he filed to challenge his conviction for a prison disciplinary infraction. *Id*. The Tenth Circuit concluded that there is nothing improper in the State's collection of fees imposed as a part of his sentence or as a condition to a lawsuit. Accordingly, the Court held that the allegations did not establish that prison officials violated the plaintiff's constitutional rights and upheld the district court's dismissal of his claims. *Id.*

Like the plaintiff in *Dmytryszyn*, Plaintiff herein does not cite, and the Court has not found, any authority to suggest that PNM's prison policies and rules relating to inmate accounts are unconstitutional. Plaintiff's claims of indigency, a name-change, and alleged reversal of a prior sentence do not relieve him of the obligation to pay the debts that he incurred for filing fees and court costs while incarcerated. *See id.* (notwithstanding granting of leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(b)(2) and failure of the State to seek to collect restitution for nine years, an indigent inmate must still pay the previously incurred fees and restitution). The Complaint thus fails to state a Fourth Amendment claim for relief.

**D. Leave to Amend:** The Complaint is factually insufficient and fails to state any claim for relief. *Twombly,* 550 U.S. at 570. It is not sufficient for Plaintiff to allege that "forcing an

indigent inmate into debt for legal copies and legal mail is in itself unconstitutional." *See* Doc. 1 at 11; *Dmytryszyn*, 527 F. App'x at 761. Instead, Plaintiff must specify facts alleging how he was harmed when a constitutional right, such as the right to access the courts or the right to be free of cruel and unusual punishment, was violated by the freezing of his inmate account or the deduction of 50% of the deposits to cover the account debt. As an example, he must identify a specific legal claim that he was unable to file due to inadequate funds or specific basic needs, such as food, clothing, or medical care that he was denied because he could not pay for them, despite the official's knowledge of a substantial risk to Reyes' safety or health. *See, e.g., Blaise,* 48 F.3d at 340. If Reyes fails to file an amended complaint within 30 days, the Court may enter judgment on this dismissal without further notice.

**IT IS THEREFORE ORDERED that:**

(1) the Prisoner's Civil Rights Complaint filed by Plaintiff, Mark Reyes (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. Section 1915(e)(2)(B); and

(2) Plaintiff Reyes is granted leave to file an amended complaint consistent with this opinion within 30 days of entry of the Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE